The Honorable Bruce F. Larkin State Representative, 63rd District State Capitol, Room 272-W Topeka, Kansas 66612
Dear Representative Larkin:
As representative for the 63rd district, you request our opinion on whether certain election petitions once filed with the county election officer, are open records subject to mandatory disclosure under the Kansas Open Records Act (KORA), K.S.A. 45-216 et. seq.
Many statutory provisions provide for petitions signed by a certain number of qualified electors to force an election on certain issues. You give as an example, when a school board adopts a local option budget, if 5 percent of the qualified electors in that district file a petition with the county election officer within 30 days after publication of the resolution, the question is submitted to voters. See K.S.A. 1996 Supp. 72-6433,72-6433a. Likewise, if a school board passes a resolution for a capital outlay levy, 10 percent of the qualified electors may force an election on the issue by petition. See, K.S.A. 72-8801.
Unless otherwise specified by statute, the procedure for petitions is controlled by K.S.A. 25-3601 et. seq. After the county attorney approves the petition and after the signatures are gathered, the petition with the signatures is filed with the county election officer. K.S.A. 25-3602. This is the point at which you ask if the petition and signatures are open records.
K.S.A. 45-216 declares it "to be the public policy of this state that public records shall be open for inspection by any person unless otherwise provided by this act, and this act shall be liberally construed and applied to promote such policy." The disclosure of public records is mandated as the public policy of the state, unless otherwise provided by the KORA or by other federal law, state statute, or rule of the Kansas Supreme Court. K.S.A. 45-218(a); K.S.A. 1996 Supp.45-221(a)(1).
K.S.A. 1996 Supp. 45-217(f) defines public record as "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency." Public agency is defined as "the state or any political or taxing subdivision of the state or any office, officer, agency or instrumentality thereof . . . ." K.S.A. 1996 Supp. 45-221(e)(1).
The county election officer is a public agency as defined by KORA. The election petition and signatures, once filed, are recorded information kept in the election officer's possession. As such, they are public records subject to the KORA. None of the exceptions allowing discretionary closure listed in K.S.A. 1996 Supp. 45-221 apply. K.S.A. 25-3601 et. seq. do not contain a provision closing petitions so as a general rule they are open and must be disclosed to the public. Likewise, the statutes concerning school board local budget options and capital outlay levies do not contain any provision allowing closure of the petitions, so they would be open once filed.
To summarize, as a general rule, election petitions and the signatures, once filed with a county election officer, are open under the KORA. While it is possible that some specific statutes might contain a closure provision for certain specific petitions, neither K.S.A. 1996 Supp. 72-6433, 72-6433a nor K.S.A. 72-8801 contain such a provision, and any petitions and signatures filed concerning them are open.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm